## THE STATE, EX REL. EASLEY v. SPENCE.

1. The sheriffs elected under the act of the 12th January, 1833, " for the organiza. tion of certain counties therein named," were entitled to their offices for the con. stitutional term of three years, although their successors may have been elected, at the general election in August preceding the expiration of that period. And the successors may continue in office for three years, calculating from the time that the term of their predecessors expire ; unless they entered upon the discharge of their official duties sooner, which it seems they might do any time after their election, and in virtue thereof.

Writ of error to the Circuit Court of Talladega.

W. P. CHILTON, L. E. PARSONS and B. F. PORTER, for the plaintiff in error.

S. F. RICE, for the defendant.

COLLIER, C. J.—This was an information in the nature of a *quo warranto,* at the relation of Easley, who was elected sheriff of Talladega, at the general election holden on the first Monday in August, 1844, against the defendant, who was exercising that office under- a previous election. The facts are these : the first sheriff chosen in Talladega upon the organization of the county, was elected on the first Monday in March, 1833, and continued in office for three years, although his successor was elected on the first Monday in August, 1835 ; and each of his successors, down to the defendant, held the office for the same period, although a sheriff was chosen to succeed them at the general election, preceeding the times they respecttively ceased to act. The relator insists, that he became entitled to the sheriffalty of Talladega, from the time of his election—that the defendant is an intruder; and the information thereupon calls upon him, to show by what warrant he exercises the office, &c, It is alledged, that the relator executed the bond with surety, and took the oaths prescribed by law. These facts, with some others, not deemed material, are admitted to be true, and the cause being submitted to the Circuit

Court to decide, without the aid of a jury, the information was dismissed at the relator's costs.

On the 12th January, 1833, the legislature passed "an act for the organization of certain counties therein named." Among these, are the county of Talladega. The sixth section enacts, "that there shall be elections held in the aforesaid counties, on the first Monday of March, at the different precincts, (or at such place as the persons herein authorized to hold said election, shall appoint,) for the election of a clerk of the Circuit Court, a clerk of the County Court, a sheriff, a tax collector, and assessor, and four commissioners of roads and revenue, for each of said counties. Which election shall be held by one justice of the peace, and two householders in each election precinct, to be conducted in the same manner, and under the same rules and regulations as elections are, for electing members of the general assembly."

The twenty-fourth section of the fourth article of the constitution provides, that "a sheriff shall be elected in each county by the qualified electors thereof, who shall hold his office for the term of three years, unless sooner removed, and who shall not be eligible to serve, either as principal or deputy for the three succeeding years. Should a vacancy occur subsequent to an election, it shall be filled by the Governor, as in other cases, and the person so appointed shall continue in office until the next general election, when such vacancy shall be filled by the qualified electors, and the sheriff then elected shall continue in office for three years."

It is insisted by the counsel for the relator, that the act of January, 1833, as its title indicates, was temporary ; and does not confer the sheriffalty upon those elected under its provisions for any definite period; and as there could not be a second election on the first Monday in March, in the counties embraced by it, the sheriff first chosen, would be superseded by persons elected to succeed them on the first Monday in August preceding the expiration of three years. This argument assumes too much. It may be conceded that the statute was intended for a temporary purpose, and when it subserved the exigency which induced its enactment, it ceased to be operative. But does this prove that the tenure of the officers for whose elections it provided were also temporary? If so,

what limit shall be prescribed to them? The consequence adduced from the assumption, that the act was not permanent, we think is not defensible. If it was, the more reasonable conclusion would be, that the sheriffs and clerks held their offices until successors were chosen at the general election in 1833. There is no warrant for this or any kindred inference. As then the constitution declares the official tenure, we must hold that the election in March, (though at an unusual time,) conferred upon the sheriffs first elected, the right to their offices for three years. The constitution has prescribed the length of the term, the legislature cannot add to, or diminish it; much less should the judiciary, by a construction resting upon no firm basis, undertake to attribute to a statute such an effect.

It is certainly true, that all officers eligible by the people, or the legislature, are indebted to the election for their offices; but it by no means follows, from this truism, that they are to hold their offices from the time of the election. The tenure of several of our judges expired in June, 1843, and they were elected at the annual session of the legislature preceding. Yet no one supposed that the election operated so as to vacate their old commissions. No such opinion was entertained by the judges themselves, and some of them, did not take the oaths anew, until their old term was about closing, or perhaps had actually expired.

But it is supposed, by the relator's counsel, that if the construction we have indicated be correct, and the old sheriff should vacate his office by death, resignation, &c., the Governor would be authorized to make an appointment, or the office would continue vacant up to the first of March. If such an appointment was made, the only limitation to the tenure of such appointee, is declared by the constitution to be, " until the next general election;" and an embarrassing question would arise in determining, whether the executive commission would not postpone the right of the sheriff elect, to enter upon his office, until by its terms it expired. We think no difficulty can arise upon this point. Although the defendant is entitled to perform the duties of sheriff until the expiration of three years from the time he entered upon the office, yet the relator would become his successor if he should vacate it sooner, and

the contingency could not arise, (if the relator accepts the office,) upon which the Governor is authorized to appoint.

The sheriff elected by the people, whenever there shall cease to be an incumbent, *de jure*, is authorized to enter upon his official duties. His election entitles him to the office *as a matter of right*, from the time that the constitutional term of his predecessor expires, and to exercise it sooner, if the latter dies, resigns, &c. He is not elected like a senator in congress, with reference to some prescribed period in the future, when his tenure shall commence; there is nothing that restrains him from acting immediately, but the fact, that there is an incumbent lawfully in office. This has been the practical construction acted upon, in respect to all who have been elected sheriff of Talladega; for the defendant and his successor, each qualified on the 19th of February, and entered upon their official duties. On that day, as a matter of right, the relator may claim his office.

What we have said, will sufficiently show, that the judgment of the Circuit Court is correct. It is therefore, affirmed.